UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY CRYSTAL MALCOM,

    Petitioner,

v.                                    Civil No. 2:14-CV-13059

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Ebony Crystal Malcom incarcerated at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In her *pro se* application, Petitioner challenges her conviction for operating a criminal enterprise,[1] two counts of false pretenses with intent to defraud,[2] nine counts of forgery,[3] nine counts of uttering and publishing,[4] seventeen counts of identity theft,[5] and one count of recording a false conveyance of

---

[1] Mich. Comp. Laws § 750.159(i).

[2] Mich. Comp. Laws § 750.218(5)(a).

[3] Mich. Comp. Laws § 750.248.

[4] Mich. Comp. Laws § 750.249.

[5] Mich. Comp. Laws § 445.65.

realty.[6] For the reasons stated below, the petition for writ of habeas corpus will be summarily dismissed without prejudice.

## I. BACKGROUND

Petitioner was convicted of the above charges following a jury trial in the Wayne County Circuit Court.

Petitioner filed a complaint for writ of habeas corpus with the Michigan Court of Appeals, which was denied. *In Re Malcom,* No. 315499 (Mich. Ct .App. June 6, 2013). Petitioner filed a second complaint for writ of habeas corpus, which was also denied. *Malcom v. Warren,* No. 319875 (Mich. Ct. App. May 21, 2014); *lv. to appeal denied at ---* N.W.2d ----, 2014 WL 3752130 (Mich. July 29, 2014).

Petitioner also filed an appeal of right, with the Michigan Court of Appeals, which affirmed her conviction. *People v. Malcom,* No. 315265; 2014 WL 3547236 (Mich.Ct. App. July 17, 2014). There is no indication from Petitioner's habeas application, from the Michigan Court of Appeals' website or from Westlaw's website that Petitioner filed an application for leave to appeal with the Michigan Supreme Court following the affirmance of her conviction by the Michigan Court of Appeals.[7]

---

[6] Mich. Comp. Laws § 565.371.

[7] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

Petitioner has now filed a petition for writ of habeas corpus.  It is difficult to discern all of Petitioner's claims, but it appears that Petitioner seeks habeas relief on the following grounds:

> I.  The state trial court lacked jurisdiction over Petitioner's case because she was illegally arrested.
>
> II.  The state court lacked jurisdiction to prosecute Petitioner because it is not an Article III court.
>
> III.  The trial judge violated Petitioner's right to the counsel of her choice.
>
> IV.  The trial judge, without authorization from Petitioner, informed the assistant prosecuting attorney that Petitioner was not interested in accepting a plea bargain from the prosecutor.  The decision to accept or reject a plea bargain was solely Petitioner's choice.
>
> V.  Petitioner's First Amendment rights were violated when the judge punished Petitioner for exercising her constitutional rights.
>
> VI.  Petitioner's Fifth Amendment rights were violated because her case was never presented to a grand jury for an indictment.
>
> VII.  Excessive bail was set by the judge.
>
> VIII.  Petitioner's Thirteenth Amendment rights were violated by the illegal restraints placed upon her by the judge.
>
> IX.  Petitioner was never given any notice of the charges against her by the State of Michigan, as required by the Foreign Sovereign Immunities Act.
>
> X.  The Michigan state officials violated Mich. Comp. Laws § 600.4352 by failing to show cause for Petitioner's current restraint.

## II.  DISCUSSION

The instant petition is subject to dismissal because it contains several claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)); *See also Welch,* 49 F. Supp. 2d at 998. The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner has failed to allege or to prove that she properly exhausted her claims. Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because Petitioner has failed to allege or indicate in her petition that she properly exhausted her claims with the state courts. *See Peralta v. Leavitt,* 56 Fed.

Appx. 534, 535 (2nd Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Petitioner's conviction was affirmed on her appeal of right by the Michigan Court of Appeals. Petitioner, however, has yet to file an application for leave to appeal with the Michigan Supreme Court.

A state prisoner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies by presenting his claims to the state's highest court. *See Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). Therefore, a habeas petitioner must present each issue to the state's highest court, even if the state's highest court only provides for discretionary appellate review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999). Because Petitioner never presented her claims to the Michigan Supreme Court, the claims are unexhausted for purposes of federal habeas review. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Moreover, the mere fact that Petitioner challenged her conviction by filing two state habeas actions with the Michigan Court of Appeals would not satisfy the exhaustion requirement. Mich. Comp. Laws § 600.4310(3) states that an action for writ of habeas corpus may not be brought by or on behalf of persons convicted, or in execution, upon legal process, civil or criminal. This statutory prohibition is consistent with the rule under Michigan law that habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction. *Cross v. Department of Corrections,* 303 N. W. 2d 218, 220 (Mich. Ct. App. 1981) (*citing People v. Price,* 179 N.W. 2d 177, 180 (Mich.Ct.App. 1970)). A writ of habeas corpus in Michigan deals only with radical jurisdictional defects which render a judgment or

proceeding absolutely void. *See Moses v. Department of Corrections*, 736 N.W.2d 269, 273 (Mich. Ct. App. 2007). A judgment which is merely erroneous, rather than void, is subject to appellate review and may not be collaterally attacked in a habeas proceeding. *See Triplett v. Deputy Warden,* 371 N.W.2d 862, 866 (Mich. Ct. App. 1985).

Because Mich. Comp. Laws § 600.4310(3) does not permit the use of a state habeas action to challenge the legality of a conviction, Petitioner did not satisfy the exhaustion requirement by challenging her conviction in such an action. *See Nabors v. Warden, U.S. Penitentiary at Lewisburg, Pa.,* 848 F.2d 192 (Table), 1988 WL 50635, *1 (6th Cir. May 23, 1988); *see also McPharlin v. Woods*, No. 08-13711; 2008 WL 4534234, * 1 (E.D. Mich. October 6, 2008). Moreover, even if Petitioner's two jurisdictional claims might qualify as the type of jurisdictional defects that could properly be challenged in a state habeas action, Petitioner's remaining claims do not qualify as radical jurisdictional defects and as such have not been properly exhausted with the state courts. In addition, it is unclear whether all of these remaining claims were even raised by Petitioner in either of her state habeas actions.

This court concludes that several, if not all, of Petitioner's claims have not been exhausted, because they were not fairly presented with the state courts. A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Id.* at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by

a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), the habeas petition was filed with this court before Petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running, Petitioner would not be prejudiced if her habeas petition was dismissed without prejudice during the pendency of her state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III. A CERTIFICATE OF APPEALABILITY

The court will dismiss the petition for writ of habeas corpus without prejudice. The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if

the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this court was correct in its procedural ruling that Petitioner had failed to properly exhaust her claims with the state courts. *See e.g. Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

### IV. CONCLUSION

Accordingly, IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: August 29, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2014, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522