UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY CRYSTAL MALCOM,

    Petitioner,

v.                                                         Case No. 14-CV-13059

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR IMMEDIATE
CONSIDERATION AND DENYING THE MOTIONS FOR RELEASE ON BOND AND
FOR RECONSIDERATION**

On August 29, 2014, the court dismissed without prejudice Petitioner Ebony Crystal Malcom's petition for writ of habeas corpus because she had yet to properly exhaust her claims with the state courts. The court also denied Petitioner a certificate of appealability. *Malcom v. Warren*, No. 2:14-CV-13059, 2014 WL 4272788 (E.D. Mich. August 29, 2014).

Petitioner has filed five "affidavits," which the court construes as motions. Petitioner has filed a motion for release on bond, for reconsideration of the court's order of dismissal, and for immediate consideration of the motions. For the reasons that follow, the motion for immediate consideration is granted. The court will deny the motions for reconsideration and for release on bond.

The court will discuss Petitioner's motions for reconsideration first. Eastern District of Michigan Local Rule 7.1(g) provides that, "without restricting the court's discretion," a motion for reconsideration will not be granted unless the movant can (1)

"demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *Pietrowski v. Merchants and Medical Credit Corp.*, 256 F.R.D. 544, 552 (E.D. Mich. 2008) (internal citations omitted). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.* (citing E.D. Mich. LR 7.1(g)(3)).

Petitioner claims in her motions for reconsideration that the court erred in finding that Petitioner did not exhaust her state court remedies prior to filing her habeas petition. The court found that Petitioner had not exhausted her state court remedies because she had yet to file an application for leave to appeal with the Michigan Supreme Court following the affirmance of her appeal of right by the Michigan Court of Appeals. The court noted that although Petitioner had also filed two state petitions for writ of habeas corpus with the Michigan Court of Appeals, under Michigan law habeas corpus cannot serve as a substitute for an appeal and cannot be used to review the merits of a criminal conviction unless a radical jurisdictional defect had been alleged. The court indicated that even if two of Petitioner's ten claims might qualify as jurisdictional defects, Petitioner's remaining claims did not qualify as defects and thus could not be properly exhausted by means of a state habeas petition.

Petitioner now claims that she filed an application for leave to appeal with the Michigan Supreme Court, which was denied. Although Petitioner did file an application for leave to appeal with the Michigan Supreme Court, it was not from her appeal of right

but from one of the state habeas petitions that had been denied by the Michigan Court of Appeals. *See Malcom v. Warren*, No. 319875 (Mich.Ct.App. May 21, 2014); *lv. to appeal denied at* 496 Mich. 868, 849 N.W.2d 388, 2014 WL 3752130 (Mich. July 29, 2014).

As mentioned above, Petitioner could not use a state petition for writ of habeas corpus to exhaust most, if not all, of her claims. A review of the Michigan Court of Appeals' docket sheet from Petitioner's appeal of right shows that Petitioner filed an application for leave to appeal to the Michigan Supreme Court on September 5, 2014, but that no decision has been rendered in that case. Because the Michigan Supreme Court has yet to issue a decision on the application for leave to appeal the denial of her appeal of right by the Michigan Court of Appeals, her claims remain unexhausted.[1]

The court will deny Petitioner's motions for reconsideration, because she failed to show that this court erred in dismissing her petition on exhaustion grounds.

Petitioner has also requested that she be released on bail. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208

---

[1] The court obtained this information about *People v. Malcom,* No. 315265 (Mich.Ct.App.) from the Michigan Court of Appeals' website, coa.courts.mi.gov/, of which this court is able to take judicial notice. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

(6th Cir. 1984).  By implication, a federal court should not grant bail under other circumstances.  In addition, it is improper to admit a habeas petitioner to bail prior to the exhaustion of state remedies absent the showing of extraordinary circumstances. *Lucas v. Hadden*, 790 F. 2d 365, 367-68 (3rd Cir. 1986).  Accordingly, the court will deny Petitioner's request for release on bond.

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Petitioner's "Affidavit: Request for Immediate Consideration" [Dkt. # 6] is GRANTED.

IT IS FURTHER ORDERED that the "Affidavit: Request for for Release or Personal Recognizance Without Surety" [Dkt. # 7], the "Affidavit: Request for Reconsideration" [Dkt. # 8], the "Affidavit: Request for Reconsideration" [Dkt. # 9], and the "Affidavit: Request for Reconsideration-Second Request" [Dkt. # 10] are DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  November 4, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 4, 2014, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\14-13059.MALCOM.Reconsideration.db.wpd